**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

----

**No. 25-4185**

----

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JANE GENEVA HOLLOWAY,

        Defendant - Appellant.

----

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:22-cr-00061-TDC-3)

----

Submitted: August 21, 2025                Decided: August 26, 2025

----

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

----

Affirmed by unpublished per curiam opinion.

----

**ON BRIEF:** Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jane Geneva Holloway appeals her conviction and the five-month sentence imposed following her guilty plea to conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349. Holloway's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but broadly questioning the reasonableness of Holloway's sentence.[*] Though notified of her right to do so, Holloway has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

---

[*] *Anders* counsel also questions the validity of the appeal waiver executed as part of Holloway's plea agreement. We need not reach this issue, however, because "the government does not seek to enforce the waiver, and we will not sua sponte enforce it." *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

We conclude that the district court imposed a procedurally reasonable sentence by correctly calculating the Guidelines range, allowing the parties to advocate for an appropriate sentence, giving Holloway an opportunity to address the court, sufficiently addressing Holloway's arguments for a noncustodial sentence, and considering the § 3553(a) factors.  Furthermore, nothing in the record rebuts the presumption of substantive reasonableness accorded Holloway's below-Guidelines-range sentence.  *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Holloway, in writing, of the right to petition the Supreme Court of the United States for further review.  If Holloway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Holloway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3